<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
IGOR G. LEVYASH :
:
       Plaintiff, :    Case No. 3:16-cv-2189 (BRM)
:
v. :
:    **OPINION**
CAROLYN W. COLVIN :
Acting Commissioner of Social Security, :
:
       Defendant. :
_____:

**MARTINOTTI, DISTRICT JUDGE**

     Before this Court is Igor G. Levyash's ("Plaintiff") Motion for Attorney Fees and Costs. (ECF No. 25.) The Acting Commissioner of Social Security ("Defendant") opposes the Motion. (ECF No. 26.) Having reviewed the submissions filed in connection with the Motion, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein, and for good cause shown, Plaintiff's motion is **GRANTED**.

**I.  BACKGROUND**

     At issue before this Court is whether Plaintiff is entitled to attorney's fees and costs pursuant the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The facts and procedural history of this matter are set forth in this Court's prior opinion (ECF No. 23), and need not be repeated here. The following factual background is pertinent to this motion.

     On April 19, 2016, Plaintiff filed a Complaint seeking judicial review of the ALJ's final decision denying Social Security Title II Disability Insurance benefits under Title 42 U.S.C. § 405(g). (ECF No. 1 ¶ 3, 5.) Defendant answered the Complaint on August 19, 2016. (ECF No. 5.) On March 30, 2018, the Court entered an Order reversing and remanding the ALJ's decision. (ECF

1

No. 23.) As a result, on June 12, 2018, Plaintiff, as the prevailing party, filed a Motion for Attorney Fees and Costs. (ECF No. 25.)[1] Defendant opposes the Motion. (ECF No. 26.)

## II.   LEGAL STANDARD

"When the cost of contesting a Government order, . . . exceeds the amount at stake, a party has no realistic choice and no effective remedy. In these cases, it is more practical to endure an injustice than to contest it." *Pierce v. Underwood*, 487 U.S. 552, 575 (1988) (quoting S.Rep. No. 96–253, p. 5 (1979)). Concerned that the government, with its vast resources, might deter citizens from defending against, or seeking review of, unreasonable governmental action because of the threat of costly litigation, Congress enacted the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.* Under the EAJA, the United States waived its sovereign and general statutory immunities to fee awards and created "a limited exception to the 'American Rule' against awarding attorney fees to prevailing parties." *Standowski v. Colvin*, No. CV 13-5663 (FLW), 2016 WL 2625029, at *1 (D.N.J. May 9, 2016) (quoting *Pierce*, 487 U.S. at 575).

The EAJA was designed to rectify the threat of costly litigation by providing an exception for an award of reasonable attorney's fee to a prevailing party. *Sullivan v. Hudson*, 490 U.S. 877, 883–84 (1989). Under the EAJA, a party seeking an award of attorney fees and other expenses in a civil action or adversary adjudication shall submit to the court an application: (1) within thirty-days of the final judgment in the action; (2) which includes a reasonable amount sought; (3) which shows that the party is eligible to receive the award. *See* 28 U.S.C. § 2412. To be "eligible" under the EAJA statute, a party must meet the additional requirements enumerated such as: (a) showing that the party prevailed in the underlying action against the United States; (b) showing the net

---

[1] Plaintiff later supplemented its motion with a fully favorable decision from the ALJ. (ECF No. 31.)

worth of the party did not exceed $2,000,000 at the time the action was filed; and (c) alleging that the United States in the underlying action was not substantially justified in its position, nor would special circumstances make an award unjust. *Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998); *Kadelski v. Sullivan*, 30 F.3d 399, 401 (3d Cir. 1994); *see also* 28 U.S.C. § 2412. The burden of showing substantial justification lies with the Government and may not be satisfied by simply introducing "'some evidence' in support of its position." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985). Rather, the Commissioner's position in the underlying action must be justified in substance that would satisfy a reasonable person. *Standowski*, 2016 WL 2625029 at *2 (citing *Pierce*, 487 U.S. at 565).

### III.   DECISION

Plaintiff seeks attorney's fees and costs, as a prevailing party pursuant to the EAJA, 28 U.S.C. § 2412. (ECF No. 25 at 1.) It claims fees are appropriate under the EAJA, which permits reasonable fees to prevailing parties in action against the United States where the position of the government was not substantially justified, because the Defendant has failed to show that the Government's actions were supported by substantial evidence. (ECF No. 29 at 2.) Plaintiff argues the Defendant has failed to meet their burden and show the Government's position was substantially justified because: (1) the Government's mistake was not inconsequential or an error of "articulation"; and (2) the Commissioner erred in failing to follow established precedent. (ECF No. 29.) Additionally, Plaintiff argues the fees requested are reasonable. (ECF Nos. 25 at 3; ECF No. 29 at 5-6.)

Defendant contends they have met their burden and shown the Government's position to be substantially justified. (ECF No. 26.) Defendant argues: (1) there was evidence in the record supporting the ALJ's decision; and (2) the error identified by the Court was one of articulation,

rather than substance. *Id.* It alternatively claims that if the Court should find the Government's actions were not substantially justified that the Plaintiff's requested attorney fees be reduced for unreasonableness. *Id.* at 8-11.

It in undisputed that Plaintiff applied within thirty-days of the final judgment, is a prevailing party, and is within the net worth necessary to be eligible for attorney fees under the EAJA. (*See* ECF Nos. 25 and 26.) The only issues before this Court are: (1) was the position of the United States in the underlying action substantially justified; and (2) is the amount sought reasonable.

### A.  The Government was Not Substantially Justified

The Defendant argues that the Government's position was substantially justified. Firstly, the Defendant claims that in considering the Plaintiff's arguments the court found for the Defendant on six of the seven claims. (ECF No. 26 at 1.) Secondly, the Defendant claims that evidence existed in the record to support the ALJ's decision was reasonably based in both law and fact. *Id.* at 1-2. Finally, the Defendant claims the error identified by the Court was one of articulation rather than substance. *Id.* at 2.

Substantial justification constitutes the middle ground between an automatic award of fees and "an award made only when the government's position was frivolous." *Washington*, 756 F.2d at 961 (citing *Dougherty v. Lehman*, 715 F.2d 555, 563 n.12 (3d Cir. 1983)). The burden of showing substantial justification lies with the Government. *Id*. In order to meet its burden, the Government must show that the government's position contained: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* Though the Government may satisfy its' burden even where the court remands the ALJ's decision, the government will not

meet its burden by merely providing some evidence in support to its position. *Id.; Standowski*, 2016 WL 2625029 at \*2 (citing *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998)). When the Government's legal position offends established precedent, its position cannot be said to be substantially justified. *Washington*, 756 F.2d at 962.

An ALJ's decision may be reasonably based in both law and fact even if the Court rejects the Government's position. *Serpe v. Astrue*, No. CV 12-570-LPS, 2015 WL 849568, at \*2 (D. Del. Feb. 24, 2015) (citing *Jackson v. Chater,* 94 F.3d 274, 279–80 (7th Cir. 1996)). The Government will satisfy its' burden of substantial justification if the ALJ cited to some evidence in the record. *Id.* An ALJ who applies the correct law, but provides insufficient facts or reasoning to support her conclusion does not lack substantial justification. *Standowski*, 2016 WL 2625029, at \*3 (quoting *Washington*, 756 F.2d at 962). Additionally, an ALJ's decision may be substantially justified if the error is inconsequential. *Williams v. Astrue*, 600 F.3d 299, 302 (3d Circ. 2009). An error is considered inconsequential if the ALJ had the ability to reach the same conclusion on remand based on other evidence in the record. *Id.; see also Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008).

However, the court has repeatedly ruled that the failure of the Government to develop the record to be a substantial error of law which is not substantially justified. *See, e.g., Diaz v. Commissioner of Social Sec.*, 410 Fed. Appx. 430, 433 (3d Cir. 2010) ("The clearly established case law . . . required the ALJ to develop the record sufficient to permit meaningful appellate review. . . . As a result of the ALJ's failure to develop the record here and to follow our precedent, . . . [w]e thus conclude that the Government lacked substantial justification for its decision."); *Fargnoli v. Massanari*, 247 F.3d 34, 43–44 (3d Cir. 2001) ("The ALJ makes no mention of any of these significant contradictory findings, leaving us to wonder whether he considered and rejected

5

them, considered and discounted them, or failed to consider them at all . . . . We therefore cannot conclude that his findings at step four were supported by substantial evidence."); *Cotter v. Harris*, 642 F.2d 700, 704–05 (3d Cir. 1981) ("[U]nless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty . . . .") (quoting *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979)); *Centeno v. Comm'r of Soc. Sec.*, No. CIV. 096023 AET, 2011 WL 810970, at *2 (D.N.J. Mar. 2, 2011) ("[T]he ALJ's failure to develop the record was tantamount to a failure to substantially justify the position taken as to Plaintiff's disability application. Because the government's position was not substantially justified, attorneys' fees are appropriate."); *Ransom-Freeman v. Berryhill*, No. 16-CV-01315, 2018 WL 2010582, at *3 (E.D. Pa. Apr. 30, 2018) ("The legal requirements that the ALJ base his or her decision on substantial evidence . . . , consider contradictory evidence, and do both in such a way that a court can exercise meaningful review, are basic and well known.").

The ALJ is required, per established precedent, to develop the record sufficient to permit meaningful appellate review. *Diaz*, 410 F. App'x at 433. An administrative decision should be accompanied by sufficient facts and reasoning to support the ALJ's conclusion. *Cotter*, 642 F.2d at 704–05. A statement of facts and reasons helps to avoid judicial usurpation of administrative functions, assures more careful administrative consideration, and allows appellate court to perform its stator function of judicial review. *Id.* (citing K. Davis, 2 Administrative Law Treatise s 16.05 (1958)). Although the ALJ may weigh the credibility of the evidence, he must still provide some indication of the evidence which he rejects and his reasons for discounting such evidence. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Cotter*, 642 F.2d at 705 ("In the absence of such an indication, the reviewing court cannot tell if significant probative

evidence was not credited or simply ignored.")))). Nor may the Defendant support the Government's position through evidence not cited in the record. *Diaz*, 410 F. App'x at 433 (citing *Fargnoli*, 247 F.3d at 44 ("[T]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.")).

The Government was not substantially justified. First, the fact that the Court found for the Defendant on six of the Plaintiff's arguments is not indicative of the Government's substantial justification for the seventh. The substantial justification of the Government for opposing one of the Plaintiff's claims does not justifying its opposition for another claim. *Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d 123, 131 (3d Cir. 1993) (citing *Goldhaber v. Foley*, 698 F.2d 193, 197 (3d Cir. 1983)). Secondly, the issue of the skill level of the Plaintiff's prior work is not an issue of "articulation" and inconsequential to the outcome of the case. Indeed, the case was decided on the classification of the Plaintiff's prior work and remedying the legal error may change the ultimate outcome. *Diaz*, 410 F. App'x 433. Finally, although the Defendant argues there exists sufficient additional evidence by which the ALJ could have come to the same conclusion, the Third Circuit has previously stated that the "general principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ." *Jones v. Comm'r of Social Sec.*, Civil No. 11–748(FLW), 2012 WL 628510 at \*9 (D.N.J. Feb.27, 2012) (quoting *Diaz*, 410 F. App'x at 433). Accordingly, Defendant's request for attorneys' fees pursuant to the EAJA is **GRANTED**.

### B. The Attorney Fee Costs Are Reasonable

The Defendant alternatively argues that the Plaintiff's requested attorney fees be reduced for unreasonableness for hours claimed. (ECF No. 26 at 8.) The reasonableness of the Plaintiff's hourly rate is undisputed. (ECF No. 26 at 14.) Attorney's fees may be awarded only to the extent

7

that both the number of hours expended and the hourly rate are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The burden of showing reasonableness for the hours claimed lies with the petitioner. See *Interfaith Community Organization v. Honeywell*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). To satisfy the burden, the petitioner must provide "evidence supporting the hours worked and rates claimed." *Id.* (quoting *Hensley*, 461 U.S. at 433).

A party seeking attorney fees "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. The court may, in its discretion, reduce or deny the amount to be awarded hours which were unreasonable in conduct. *See* 28 U.S.C. § 2412; *Rode*, 892 F.2d at 1183. However, "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fees requested." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 211 (3d Cir. 2001). Here, the Defendant has raised no issue with the records provided. (ECF No. 26.)

Courts should look to awards previously granted in the same area to determine the reasonableness of the requested fee. *Eleven Vehicles*, 200 F.3d at 218. (Alito, J., concurring); *see, e.g.*, *Gonzalez v. Astrue*, 564 F. Supp. 2d 317, 320 (D.N.J. 2008) (awarding the Plaintiff $23,873.85 for 143 hours, post a 5% voluntary reduction, for 62 page brief, 30 page reply, motions, and filings, including 42 hours on subjects in which Plaintiff was of great expertise); *Chonko v. Comm'r of Soc. Sec. Admin.*, 624 F. Supp. 2d 357, 361 (D.N.J. 2008) (awarding $15,182.96, after voluntary reduction, for 55.5 hours of initial litigation, 15.75 hours drafting and filing reply, and 15 hours working on a surreply); *McCaley v. Barnhart*, Civ. No. 01–4953(DRD) (D.N.J. Sept.19, 2005)

(awarding the Plaintiff $19,879.57 for 65.75 attorney hours and 124.45 law student hours involving a 64–page appellate brief and 310–page appendix.); *Walton v. Massanari*, 177 F. Supp. 2d 359, 363–365 (E.D. Pa. 2001) (awarding approximately $25,410 for 180 hours of attorney hours for SSA case upheld at the Third Circuit). Generally, courts have found hours that are duplicative or far above the norm to be unreasonable. *See, e.g., Gillem v. Astrue*, CIV. 06-6184 (WJM), 2008 WL 1925302, at *1–2 (D.N.J. Apr. 30, 2008). Additionally, courts have found a brief that took more than three hours per page to be excessive and unreasonable. *Maldonado*, 256 F.3d at 183, 186. However, some district courts have suggested that twenty to forty hours to be reasonable, absent complications, for an average Social Security matter. *See Menter v. Astrue*, 572 F. Supp. 2d 563, 565 (D.N.J. 2008) (citing *Gillem*, 2008 WL 1925302 at *2).

The Plaintiff's hours do not appear to be excessive or unreasonable. The Plaintiff has requested roughly twenty-six hours on a thirty-two-page brief, roughly forty-nine minutes per page, and roughly six hours for the Plaintiff's eleven-page reply, roughly thirty-two minutes per page. (ECF Nos. 15 and 26.) All of Plaintiff's requested hours are far below the excessive standard of three hour's per page. *Maldonado,* 256 F.3d at 183, 186. Though the Defendant has made the argument that the time should be shortened, the Defendant has provided little evidence by which to presume that the Plaintiff's time was either excessive or unreasonable. (ECF No. 26) The fact that in other circumstances Plaintiff, or another in Plaintiff's shoes, may have been able to provide the same service at a cheaper cost does not make Plaintiff's hours excessive. *Gillem*, 2008 WL 1925302 at *1-2. Without more evidence to suggest otherwise, the fact that the Plaintiff has already removed hours from his bill, which he thought to be excessive, redundant, or otherwise unnecessary would suggest that none of the Plaintiff's remaining hours to be an excessive repetition of tasks. (ECF No. 29 at 9.) Though Defendant has argued that the Plaintiff's reply is

nearly identical to a reply done for another of the Plaintiff's cases, the Plaintiff's time would not appear to be repetitive of any work done for this current case, *see Highsmith v. Barnhart*, CIV.A.04-801, 2006 WL 1582337, at *6 (E.D. Pa. June 7, 2006) (finding defendant's request to reduce plaintiff's six-hours spent on plaintiff's reply to four-hours for repetition to be without merit, because plaintiff's reply specifically addressed arguments raised by defendant), nor are Plaintiff's hours excessive compared to average cases. *See, e.g., Menter*, 572 F. Supp. 2d at 565.

Additionally, the Defendant claims that Plaintiff's hours should be reduced because six of his seven claims were found to be without merit. (ECF No. 26 at 9.) Hours spent on unsuccessful related claims may still be billable. *Hensley*, 461 U.S. at 440. Related claims are those that involve a common core of facts, or related legal theories, and whose pursuit represents sound legal judgment. *Id.* at 435; *City of Riverside v. Rivera*, 477 U.S. 561, 579, (1986). However, courts are vested with broad discretion to determine appropriate and reasonable attorney fees and should award only that amount of fees that is reasonable in relation to the results obtained. *Hensley*, 461 U.S. at 440 ("[A] plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). Although six of the seven claims may have been found to be without merit, the Defendant has provided no argument to suggest that these claims were unrelated to the common core of facts or legal theories. (ECF No. 26.) In reviewing the Plaintiff's hours, it appears to this Court that the hours billed are reasonable in relation to the results obtained.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees and Costs (ECF No.

25) is **GRANTED**.

**Date:** June 4, 2020  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**